IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID C.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 1144 |
| v. ) | |
| ) | Magistrate Judge |
| MICHELLE KING, Acting ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff David C.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [8] is granted in part, and the Commissioner's cross-motion for summary judgment [12] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Michelle King has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 13, 2021 and February 15, 2022, respectively Plaintiff filed claims for DIB and SSI, alleging disability since June 14, 2021. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 10, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On March 10, 2023, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 14, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease; gastritis; depression; and anxiety. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"): can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, and has no limitations in his ability to sit, stand, or walk throughout an 8-hour workday; can occasionally climb ramps and stairs, and can occasionally stoop, kneel, balance, crouch, and crawl, but can never climb ladders, ropes, or scaffolds; should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation; should not work where he is subjected to extreme heat, cold, or humidity exceeding levels generally encountered in office-type environments; is limited to working in nonhazardous environments, *i.e.*, no driving at work, operating moving machinery, working at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery; can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; can tolerate occasional interactions with supervisors and coworkers; can tolerate no interactions with the general public; cannot perform work requiring a specific production rate such as assembly line work, but can tolerate end of day quotas; and can deal with occasional changes in a routine work setting.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as an automobile salesperson. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the

ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the

4

burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-

5

54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC assessment was erroneous; (2) the ALJ provided erroneous reasons for discounting the opinions from two treating medical sources; and (3) the ALJ's symptom evaluation was erroneous.

For his second argument, Plaintiff contends that the ALJ erred in evaluating the opinions of his treating nurse practitioner, Manju Mary Franklin, NP, and his treating counselor, Isis Mendoza-Garnica, LCPC. ([8] at 9-11.) Because Plaintiff filed his claim in 2021, the ALJ was required to evaluate the medical opinion

6

evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In his decision, the ALJ assessed NP Franklin's opinions as follows:

> A *Mental Medical Source Statement* was completed in May 2022 by Manju Mary Franklin, N.P. Practitioner Franklin's opinions regarding the extent of limitation imposed on the claimant's function, such rating [him] with "poor/none" ability to work with or near others without being distracted and "poor/none" ability to make basic decisions and exercise proper judgment in a work setting, were not supported by the

7

> practitioner's treatment notes. Additionally, Practitioner Franklin's responses were contradictory, opining the claimant's capacity for work activity was generally "poor/none," but when asked to assess the degree of limitation the claimant experienced in the B criteria, the practitioner indicated the claimant had no more than "moderate" limitation in each of the four broad areas.

(R. 33 (citations omitted).) In sum, the ALJ discounted NP Franklin's opinions because they were internally inconsistent and unsupported by treatment notes. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting NP Franklin's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court must decline Plaintiff's invitation to reweigh the evidence in relation to NP Franklin's opinions. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Accordingly, Plaintiff's arguments regarding NP Franklin are unavailing.

Turning to the opinions of Counselor Mendoza-Garnica, she opined that Plaintiff "has difficulties with self-regulation and interpersonal issues which can affect his ability to address social situations in a healthy and appropriate manner." (R. 963.) Counselor Mendoza-Garnica further opined that, rather than working, Plaintiff's priority should be "for him to work on his interpersonal skills and to work on his self-regulatory issues." (*Id.*) The ALJ assessed Counselor Mendoza-Garnica's opinions as follows:

> Isis Mendoza-Garcia [sic], L.C.P.C., the claimant's therapist prepared a statement in April 2022 in which she wrote that because of the claimant's "poor functioning, it is not recommended for him to get a job at this time." This was not persuasive. While Counselor Mendoza-Garcia [sic] wrote that the claimant's difficulties with self-regulation and interpersonal [issues] could interfere with his ability to respond appropriately in social situations, the therapist did not explain through a function-by-function analysis how his difficulties would specifically

8

> interfere with the claimant's ability to perform all work including occupations that required little to no contact with customers, co-workers, or supervisors.

(*Id.* at 33 (citations omitted).)

Per the ALJ's stated analysis, the sole reason he provided for discounting Counselor Mendoza-Garnica's opinions was that she did not provide a function-by-function assessment. However, "the Social Security regulations do not require a function-by-function analysis." *Laura G. v. O'Malley*, No. 23-CV-1651, 2024 WL 4226273, at *3 (N.D. Ill. Sept. 18, 2024) (citations omitted). Further, a failure to provide a function-by-function analysis, standing alone, is not a viable reason for discounting a medical opinion. *See id.* ("In short, Dr. Green's failure to provide a function-by-function analysis does not constitute an acceptable reason for the ALJ's decision to disregard her opinions."); *Sonia H. v. Saul*, No. 19 CV 2956, 2021 WL 1426878, at *4 (N.D. Ill. Apr. 15, 2021) ("[A] physician is not required to submit a function-by-function evaluation in order to merit the ALJ's consideration."); *Gago v. Berryhill*, No. 17 CV 7664, 2018 WL 4924016, at *4 (N.D. Ill. Oct. 10, 2018) ("Thus, it was improper for the ALJ to use Dr. Adeoye's failure to provide a function-by-function analysis as a basis for discounting Dr. Adeoye's opinion.").

Moreover, and in any event, the Court finds that the ALJ's assessment of Counselor Mendoza-Garnica's opinions is insufficient because the ALJ completely failed to expound upon the supportability and consistency of the opinions. *See Johnson v. Kijakazi*, No. 620CV00845ADADTG, 2023 WL 198628, at *2 (W.D. Tex. Jan. 17, 2023) ("The ALJ failed to explain how she considered the supportability and consistency of Counselor Bell's records."); *Steven H. v. Kijakazi*, No. 20-CV-

9

50181, 2022 WL 972328, at *5 (N.D. Ill. Mar. 31, 2022) ("[T]he ALJ never sufficiently addressed the key issues of consistency and supportability in addressing the medical opinions."); *Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) ("The ALJ thus failed entirely to explain the supportability of the consultants' opinions, and only identified a conclusion – as opposed to an explanation – with respect to the consistency of the consultants' opinions with the record."). The shortcomings in the ALJ's assessment of Counselor Mendoza-Garnica's opinions require that this matter be remanded. *See Fatime I. v. Kijakazi*, No. 20 CV 3603, 2022 WL 4605081, at *5 (N.D. Ill. Sept. 30, 2022) ("Because the ALJ did not address the supportability and consistency of those opinions, remand is required."); *Patrice W.*, 2022 WL 2463557 at *4 ("[The regulations] required the ALJ to explain *how* Dr. Dolan's opinion was inconsistent with and/or unsupported by the record, but the ALJ provided only a rote conclusion with respect to the supportability and consistency of Dr. Dolan's opinions with the broader record. This alone warrants remand.").

With respect to the ALJ's assessment of Counselor Mendoza-Garnica's opinions, Defendant contends that the ALJ did not err in rejecting her opinions because Counselor Mendoza-Garnica made "statements on issues reserved to the Commissioner." ([13] at 9.) The problem for Defendant is that the ALJ did not explicitly raise that rationale. Accordingly, the rebuttal is unavailing because it amounts to a *post hoc* rationalization. Along the same lines, Defendant further argues that Counselor Mendoza-Garnica "provided no explanation, and thus failed

10

the supportability prong" and also offered opinions that were "at odds with the normal examination findings and the opinions of Drs. Tin and Williamson." (*Id.*) These assertions may or may not be true, but the arguments also amount to impermissible *post hoc* rationalizations, as the ALJ did not provide any statements to that effect in his decision.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the entirety of Plaintiff's RFC is properly derived, all the medical opinions are properly weighed, and Plaintiff's alleged symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [8] is granted in part, and the Commissioner's cross-motion for summary judgment [12] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:     January 24, 2025**  _____
**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**